**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 20 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| ARMEN SOGHBATYAN; SHUSHAN NERSISYAN, <br><br> Petitioners, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 13-70673 <br><br> Agency Nos.      A088-115-405 <br>                    A088-115-406 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2015[**]

Before:      LEAVY, CALLAHAN and M. SMITH, Circuit Judges.

Armen Soghbatyan and Shushan Nersisyan, natives and citizens of Armenia,

petition for review of the Board of Immigration Appeals' ("BIA") order dismissing

their appeal from an immigration judge's ("IJ") decision denying Soghbatyan's

application for asylum, withholding of removal, and protection under the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and we deny the petition for review.

Substantial evidence supports the BIA's adverse credibility determination based on inconsistencies between Soghbatyan's testimony and visa documents regarding his work history. *See id*. at 1048 (adverse credibility determination was reasonable under the "totality of circumstances"). The record does not support Soghbatyan's contention that the IJ did not consider his explanations, and Soghbatyan's explanations for the inconsistencies do not compel a contrary conclusion, *see Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Thus, in the absence of credible testimony, Soghbatyan's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, Soghbatyan's CAT claim fails because it is based on the same evidence the BIA found not credible, and he does not point to any other evidence that compels the conclusion that it is more likely than not he would be tortured by

13-70673

or with the acquiescence of the government if returned to Armenia.  *See id*. at 1156-57.

**PETITION FOR REVIEW DENIED.**